UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLYDE JONES,

          Plaintiff,

    v.

CITY OF OAKLAND,

          Defendant.

Case No.  26-cv-00336-RFL

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: Dkt. No. 7

The City's motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.  "A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights."  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citation omitted).  Here, Plaintiff does not offer any non-conclusory allegations about the City's policies, practices, or customs that caused a constitutional violation.  Exhibit F to Plaintiff's opposition brief does not cure this deficiency because the exhibit was not referenced in or attached to the complaint.  *See, e.g.*, *Bd. of Trs. of the Bay Area v. Gudgel Yancey Roofing Inc.*, 225 F. Supp. 3d 1106, 1114 (N.D. Cal. 2016) ("[I]n ruling on Defendant's motion to dismiss, the Court may not consider the declaration and exhibits that Plaintiff has attached to its opposition . . . ." (citation omitted)).  Even if the exhibit were considered, it would not cure the deficiency because it identifies the occurrence of only one other similar incident.  *See Gordon v. Cnty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." (citation omitted)).

Dismissal of the Section 1983 claim, the only federal law claim asserted, divests the

1

Court of federal question jurisdiction.  In the absence of federal question jurisdiction, the Court may not exercise subject matter jurisdiction over Plaintiff's remaining state law claims because Plaintiff and the City are both citizens of California.[1]  *See, e.g.*, *Smith v. City of Fresno*, No. 25-cv-00420-JLT, 2025 WL 1159007, at *2 (E.D. Cal. Apr. 21, 2025) ("To the extent Plaintiff is a citizen of California, she cannot establish complete diversity of citizenship because she has named the City of Fresno as a defendant." (citations omitted)).  Accordingly, the state law claims are dismissed without prejudice.

If Plaintiff wishes to file an amended complaint correcting the deficiencies identified in this Order, he shall do so by **April 14, 2026**.  The amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

If Plaintiff does not file an amended complaint, the Section 1983 claim will be dismissed with prejudice, and the remaining claims will remain dismissed without prejudice to being brought in state court.

**IT IS SO ORDERED.**

Dated: March 24, 2026

RITA F. LIN
United States District Judge

---

[1] Although the City does not raise the issue of jurisdiction in its motion, "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted).