UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CLYDE JONES,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF OAKLAND,<br><br>                    Defendant. | Case No.  26-cv-00336-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 16 |

The City's motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND** because the first amended complaint did not cure the deficiencies identified in the prior dismissal order. (*See* Dkt. Nos. 12 (the "Prior Order"), 13 (the "FAC").)  As explained in the Prior Order, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights."  (Prior Order at 1 (citation omitted).)[1]  The original complaint did not sufficiently allege the existence of such a policy, practice, or custom, as it relied on conclusory allegations. (*See id*.)

Similarly, the FAC alleges no non-conclusory facts to plead the existence of a policy, practice, or custom.  Relying on allegations of Plaintiff's own experience with a single incident, without more, is insufficient.  *See e.g.*, *Mason v. Redwood City*, No. 17-cv-06283-RS, 2018 WL 1456691, at *5-6 (N.D. Cal. Mar. 23, 2018).  Conclusory allegations about others experiencing similar failures to receive notice is likewise not enough.  (*See* FAC ¶¶ 28-31.)  It does not matter

---

[1] The FAC no longer brings any claim other than a Section 1983 claim.

that "the underlying information is within the exclusive control of the City." (*See* Dkt. No. 18 at 3.)  "Although courts may consider whether facts are peculiarly within the possession and control of the defendant, such latitude does not mean that conclusory allegations are permitted." *Cloudera, Inc. v. Databricks, Inc.*, No. 21-cv-01217-HSG, 2021 WL 3856697, at *6 (N.D. Cal. Aug. 30, 2021) (citation and quotation marks omitted).

The FAC also attempts to plead municipal liability through failure to train and ratification theories.  *See A.J.B. v. Cnty. of Mendocino*, No. 26-cv-01016-WHO, 2026 WL 1539256, at *4 (N.D. Cal. June 1, 2026) (plaintiffs may establish policy, practice, or custom through failure to train and ratification).  Again, however, it offers only conclusory allegations. (*See* FAC ¶¶ 32-35.)  Oakland Municipal Code Section 15.60.050(B), which is referenced in Plaintiff's opposition brief but not in the FAC, also does not provide a basis to infer the existence of an alleged policy, practice, or custom.  Section (B) does not govern the procedures for serving notices, direct City employees to withhold notice from property owners, or reflect a policy of depriving individuals of adequate notice.  Rather, it merely states that the City's failure to provide certain information or notices "shall not affect the validity of any code enforcement notice, order, or action, nor shall any such failure diminish any property owner's obligation to abate any noncomplying conditions or provide relocation assistance as required under this Chapter."

The authorities cited in Plaintiff's opposition brief do not compel a different outcome. Neither *Preston v. City of Oakland*, No. 14-cv-02022-NC, 2014 WL 3752064 (N.D. Cal. July 29, 2014), nor *Jones v. Flowers*, 547 U.S. 220 (2006), addressed the policy, practice, or custom analysis underlying municipal liability.

Dismissal is without leave to amend.  The Prior Order dismissed the Section 1983 claim because the original complaint offered only conclusory allegations about policy, practice, or custom.  That deficiency remains, for similar reasons.  Accordingly, it does not appear that Plaintiff will be able to cure this deficiency through additional amendment, so further leave to amend would be futile.  *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, No. 19-cv-02658-LHK, 2020

WL 6381354, at *7 (N.D. Cal. Oct. 30, 2020).

**IT IS SO ORDERED.**

Dated: June 29, 2026

RITA F. LIN
United States District Judge